# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA M. RISHER,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 15-6260 MRW<br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

    The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to Court orders.

* * *

    This is a pro se social security appeal. Plaintiff Risher challenges the denial of her application for Social Security disability benefits.

    Plaintiff was represented by an attorney when she filed her complaint in August 2015. (Docket # 1.) However, Plaintiff's attorney moved to withdraw before serving the government with Plaintiff's portion of the required joint submission regarding the merits of this case. (Docket # 18.) Plaintiff's attorney

served her with an order from the Court informing her of her right to respond to the withdrawal motion. (Docket # 20.) Plaintiff did not file any response to the motion.

Accordingly, the Court granted the attorney's motion to withdraw from this case. (Docket # 21.) In the order, the Court gave Plaintiff until March 31 to (1) retain another attorney or (2) file a motion for summary judgment in support of her case. (Id.) The Court's order further warned that if Plaintiff failed to take either step, the action "will be dismissed pursuant to Rule 41." (Id.) To date, Plaintiff has not filed either her motion or a notice of appearance from a new lawyer.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present action, the Court finds dismissal is appropriate. Plaintiff did not respond to the Court's order regarding her attorney's withdrawal motion. The Court gave Petitioner ample opportunity to find another attorney or, in the alternative, serve the government with a summary judgment motion. The Court also advised her that she risked dismissal of the action if she did not promptly act.

1  Plaintiff's failure to respond to the Court's orders demonstrates that she has no
2  interest in advancing the action here.
3      By contrast, the Court, the defense, and the public have a strong interest in
4  terminating this action.  This is particularly true given that Plaintiff effectively
5  abandoned her case by not responding to the Court's orders or serving the
6  government with her arguments on the merits of her appeal.  The Court finds that
7  dismissal is appropriate under Rule 41(b) and Local Rule 41-6.  Furthermore,
8  because Plaintiff is a <u>pro se</u> litigant who did not abide by the Court's recent order,
9  no sanction short of dismissal will be effective in moving this case forward.
10 <u>Carey</u>, 856 F.2d at 1440.
11     Accordingly, for the above reasons, this action is DISMISSED with
12 prejudice.
13     IT IS SO ORDERED.
14
15 Date: April 27, 2016                    _____
16                                          HON. MICHAEL R. WILNER
                                           UNITED STATES MAGISTRATE JUDGE

3